NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

SCOTT IAN ROSE, *Petitioner.*

No. 1 CA-CR 22-0382 PRPC
FILED 3-16-2023

Petition for Review from the Superior Court in Maricopa County
No. CR2020-104213-001
The Honorable Jacki Ireland, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Douglas Gerlach
*Counsel for Respondent*

Maricopa County Legal Advocate's Office, Phoenix
By Kyle Kinkead
*Counsel for Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer M. Perkins, Judge Angela K. Paton, and Judge D. Steven Williams delivered the decision of the court.

---

**PER CURIAM**,

¶1　　　　Scott Rose petitions this court for review from the dismissal of his petition for post-conviction relief ("PCR") filed under Arizona Rule of Criminal Procedure 33. We have considered the petition for review and, for the reasons stated, grant review but deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2　　　　The State arrested Rose after the victim and a witness told police that Rose threatened the victim with a knife. Several months later, the victim filed documents "recanting [his] statements" because "no assault happened." The victim claimed that he and Rose were arguing about Rose's substance abuse and mental health, the victim contacted police hoping to get Rose treatment, and the incident was taken "out of context." The State continued to prosecute Rose on charges of aggravated assault, preventing use of a telephone in an emergency, and resisting arrest.

¶3　　　　Rose pleaded guilty to aggravated assault pursuant to a plea agreement and was placed on two years' supervised probation. Twenty days into the probationary period, the State petitioned to revoke.

¶4　　　　Rose admitted violating the condition that he reside in an approved residence, and he elected to immediately proceed with disposition. Rose's probation officer and the prosecutor both recommended that probation be revoked and that Rose be sentenced to the presumptive term. In support of revocation, the prosecutor submitted that Rose had a history of "victim offenses," the present offense was "a very violent aggravated assault" and Rose's "fifth felony conviction" committed not long "after his release from prison in a different felony conviction," Rose had many misdemeanors that "appear[ed] to be violent in nature," and he had "absconded pretty much immediately after sentencing in this matter." The prosecutor urged the court to impose a presumptive term based on the "violent nature" of the present offense and Rose's "criminal history."

¶5         Defense counsel asked the court to reinstate probation with an initial jail term of 30 days and a mental health evaluation. Counsel emphasized that Rose had successfully completed probation in the past and argued that his current noncompliance stemmed from mental health issues compounded by a history of homelessness. Rose personally addressed the court as well—apologizing for his noncompliance, promising to do better if reinstated, and insisting that his prior and current offenses were not violent. The victim had opted not to receive notice of probation matters and was not at the hearing.

¶6         The superior court revoked probation, reasoning that Rose was 35 years old, had "plenty of chances at probation" having "been on probation several times before," and was now convicted of a "violent offense" that constituted his "fifth felony." The court sentenced him to the presumptive term of three and a half years' imprisonment after finding that "the aggravating and mitigating factors balance each other out."

¶7         Rose timely sought post-conviction relief. He claimed ineffective assistance of counsel ("IAC") based on his counsel's failure to (1) inform the court of the victim's wishes, (2) counter the State's "misleading characterization" of Rose's criminal record, and (3) "present meaningful mental health mitigation." Rose also claimed the State violated the victim's rights by not contacting him to provide input at the disposition hearing. Rose included with his petition the victim's earlier filed statements recanting his accusations. The petition also stated that the victim contacted PCR counsel after the disposition and told counsel he never believed prison was appropriate, he would not have called the police if he knew Rose might be sent to prison, the incident was taken out of context, and he wished to be involved in the case but was not contacted to provide input.

¶8         The superior court summarily dismissed Rose's claims. He seeks review of one claim only—IAC based on counsel's failure to present the victim's views as a mitigating factor. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. § 13-4239(C), and Arizona Rule of Criminal Procedure 33.16.

**DISCUSSION**

¶9         A defendant proves IAC by showing both "that counsel's conduct fell below an objective standard of reasonableness and that he was prejudiced thereby." *State v. Bigger*, 251 Ariz. 402, 407, ¶ 8 (2021) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). The defendant's failure to prove either prong is fatal to an IAC claim. *State v. Pandeli*, 242

Ariz. 175, 181, ¶ 6 (2017). To warrant an evidentiary hearing on the claim, the defendant must "allege[ ] facts which, if true, would *probably* have changed the verdict or sentence." *Bigger*, 251 Ariz. at 407, ¶ 9 (quoting *State v. Amaral*, 239 Ariz. 217, 220, ¶ 11 (2016)). It "'is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding,' because then '[v]irtually every act or omission of counsel would meet that test.'" *Pandeli*, 242 Ariz. at 181, ¶ 6 (quoting *Strickland*, 466 U.S. at 693).

¶10 We review the superior court's PCR decision for an abuse of discretion, which occurs if the "court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *Id.* at 180, ¶ 4. IAC claims entail mixed questions of fact and law. *Id.*

¶11 The superior court did not abuse its discretion by denying relief to Rose. Rose admitted that he committed aggravated assault with a deadly weapon and to having four prior felony convictions—circumstances the court relied on in deciding his sentence. Nothing in the record reveals indicates that the victim's input would have had any influence on the court. Thus, even if the court had considered the victim's desire that Rose not be imprisoned or belief that the assault was misconstrued, Rose has not shown that such information would have likely changed the sentence imposed.

## CONCLUSION

¶12 For these reasons, we grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4